UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUNA KING,

                    Plaintiff,

          -against-

SAMUEL C. DEPAOLA, ESQ.,

                    Defendant.

24-CV-7449 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that she was denied the "right to a fair trial." (ECF 1 ¶ I.) By order dated October 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. for the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Shauna King, a resident of Brooklyn, New York, filed this complaint against

Samuel C. DePaola, an attorney who works in Queens, New York. Court records show that

Defendant represented Plaintiff in a civil rights action in this court that was voluntarily dismissed

on November 6, 2020. *See King v. Nike*, No. 20-CV-5160 (GHW) (S.D.N.Y. Nov. 6, 2020).[1]

About four years later, on September 27, 2024, Plaintiff moved to reopen that case, asserting that

Defendant never told her that the matter was voluntarily dismissed and "never afforded [her] the

opportunity to decline having the case dismissed." *Id.* at ECF 10. According to Plaintiff,

---

[1] Plaintiff filed that complaint *pro se* on July 6, 2020, and Defendant appeared on
Plaintiff's behalf on August 13, 2020.

Defendant "refus[ed] to answer his phone," and "has a list of complaints from clients." *Id.* at ECF 11.

By order dated October 1, 2024, Judge Woods construed Plaintiff's submission as a motion seeking relief from a judgment or order, under Federal Rule of Civil Procedure 60(b), and denied it "because it was not brought within a reasonable time." *Id.* at ECF 12. ("This case was discontinued almost exactly four years ago. The Court understands that Ms. King did not receive information from her counsel. However, she has not provided sufficient justification for the Court to conclude that, even so, her failure to take any action for nearly four years was reasonable. Four years is a very long time to permit the case to lie fallow without any affirmative conduct by Ms. King. And reopening the case after such a lengthy delay would prejudice the defendant.")

In this complaint, Plaintiff reiterates her claims set forth in the Rule 60(b) motion in 20-CV-5160. She asserts that Defendant failed to discuss the voluntary dismissal with her, "did not act in [her] best interest," and violated ethical rules. (ECF 1 ¶ III.) Plaintiff asserts that she did not find out about the voluntary dismissal until September 24, 2024, when Defendant's partner and a legal assistant told Plaintiff at a meeting at which Defendant was a "no-show." (*Id.*) Plaintiff does not specify the relief she seeks.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court

*sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's allegations that Defendant, a private attorney, failed to properly represent her in a matter in this court fails to suggest a basis for a federal claim. *See Seedman v. Stanley Roy Root & Assocs.*, No. 99-CV-4234 (DLC), 2000 WL 290345 (S.D.N.Y. Mar. 20, 2000) (allegations of attorney misconduct suggest a claim of legal malpractice under state law). The Court therefore does not have federal question jurisdiction of this matter.

### 2.    Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that

the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant reside in New York, precluding complete diversity of citizenship.[2]

## B.    Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff 30 days' days' leave to amend her complaint to provide facts, should any exist, to show that there is diversity of citizenship, meaning that Defendant is domiciled outside of New York.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice, with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] The Court takes no position on the merits of any claims Plaintiff may pursue in state court.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    November 13, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge